UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CR-20521-RNS

UNITED STATES OF AMERICA

vs.

THEODORE FARNSWORTH and
J. MITCHELL LOWE

            Defendants.
_____/

## UNITED STATES' FIRST RESPONSE TO THE STANDING DISCOVERY ORDERS

On November 17, 2022, United States Magistrate Judge Melissa Damian entered paperless Standing Discovery Orders (ECF Nos. 8 and 9) as to Defendants Theodore Farnsworth and J. Michell Lowe (the "Defendants"). The United States hereby files this First Response to the Standing Discovery Orders as to the Defendants, which complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. The United States will produce in electronic format to the Defendants the recordings of known oral statements made by the Defendants to law enforcement agents.

    2. The United States will produce in electronic format to the Defendants all known relevant written statements and recordings made by the Defendants that are within the government's possession, custody, or control.

    3. The United States will produce reports of law enforcement agents memorializing the substance of known oral statements made by the Defendants to law enforcement.

    4. The Defendants did not testify before a grand jury in connection with the charged offenses.

1

5. The United States will produce NCIC records relating to the Defendants.

6. The United States will produce, in electronic format, books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, that are within the government's possession, custody, or control, and (i) the item is material to preparing the defense; (ii) which the United States intends to use as evidence at trial to prove its case in chief; or (iii) which were obtained from, or belong to, the Defendants.

    The United States is producing these materials pursuant to the agreed-upon terms of a protective order that it plans to seek from the Court to protect personally identifiable information or other confidential information that may be contained within the records.

    The documents made available pursuant to this discovery response are not necessarily copies of all the books, papers, documents, etc. that the United States may introduce at trial.

7. There were no physical or mental examinations nor scientific tests or experiments made in connection with this case.

B. **DEMAND FOR RECIPROCAL DISCOVERY:** The United States requests the disclosure and production of materials enumerated in section B of Local Rule 88.10. This request is made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The United States will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D. The United States shall disclose to the defense the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective United States witnesses, within the scope of *Giglio v. United States*, 406 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959).

E. The United States will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the United States at trial.

F. The Defendants were not identified in a lineup, show up, or similar identification proceeding.

G.      The United States has advised its agents and officers involved in this case to preserve all rough notes.

H.      The United States shall timely advise the defense of its intention, if any, to introduce extrinsic act evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. The defense is hereby on notice that all evidence made available for inspection or statements disclosed herein or in any future discovery letter, may be offered in the trial of this case, under Rule 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.      The Defendants are not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The United States has, or is in the process of having, transcribed the grand jury testimony of all witnesses who will testify for the United States at trial.

K.      No alleged contraband of the type described in Paragraph K of Local Rule 88.10 is involved in this case.

L.      The United States does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the United States' possession.

M.      The United States is unaware of any latent fingerprints or palm prints which have been identified by a United States expert as those of the Defendants.

N.      The United States will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which are not contested and the early resolution of which will expedite trial.

O.      The United States will comport with the schedule of discovery as outlined in Local Rule 88.10.

In accordance with Fed. R. Crim. P. 16.1(a), the parties met and conferred on the government's discovery production. On December 1, 2022, the government is producing approximately 2.7 million records to counsel for the Defendants. The government is following up with a much smaller supplemental production of records that are being processed for production now.

The government also noted the existence of a subset of potentially privileged documents that have been segregated by a government filter team. The government will meet and confer with defense counsel on its proposed handling of the discovery of these materials.

The United States is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady, Giglio, Napue*, and the obligation to ensure a fair trial.

In addition to the request made above by the United States pursuant to Section B of Local Rule 88.10 and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the United States hereby demands notice of any alibi defense; the approximate times, dates, and places of the offense are listed in the indictment.

        Respectfully submitted,

        Glenn S. Leon
        Chief, Fraud Section
        Criminal Division
        U.S. Department of Justice

By:   /s/ Christopher Fenton
       Christopher Fenton
       Blake Goebel
       Trial Attorneys
       Florida Special Bar No. A5502969 (Fenton)
       United States Department of Justice
       Criminal Division, Fraud Section
       1400 New York Ave., NW
       Washington, DC 20005
       Tel: (202) 320-0539
       Email: Christopher.Fenton@usdoj.gov

## CERTIFICATE OF SERVICE

    I, Christopher Fenton, certify that the foregoing has been served on all attorneys of record in the above-captioned case, either via the CM/ECF electronic filing system or via email.

                      By:    /s/ Christopher Fenton
                              Christopher Fenton
                              Blake Goebel
                              Trial Attorneys
                              Florida Special Bar No. A5502969 (Fenton)
                              United States Department of Justice
                              Criminal Division, Fraud Section
                              1400 New York Ave., NW
                              Washington, DC 20005
                              Tel: (202) 320-0539
                              Email: Christopher.Fenton@usdoj.gov

Dated:   December 1, 2022