UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20521-RNS

UNITED STATES OF AMERICA

v.

THEODORE FARNSWORTH and
J. MITCHELL LOWE,

      **Defendants.**
_____/

## GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States of America requests that the Court enter a protective order limiting the disclosure of discovery materials to be produced in this case. As described below, the government and counsel for the Defendants have met and conferred, and the parties agree on the terms of the order with one exception. The government objects to a proposal by the Defendants to use the discovery materials in connection with a parallel civil matter brought by the U.S. Securities and Exchange Commission (the "SEC") against them and one additional defendant: *U.S. Securities and Exchange Commission v. Farnsworth, Lowe, and Itum*, Case No. 1:22-cv-8226-KPF (S.D.N.Y.) (the "SEC Action"). In this instance, allowing the discovery materials to be used in the SEC Action could jeopardize their confidentiality.

The government's proposed Protective Order is attached to this Motion as Exhibit A. It is the government's understanding that defense counsel plans to file a Response which includes their additional requested provision.

1

**Agreed Terms of Proposed Protective Order**

The indictment charges the Defendants Theodore Farnsworth and J. Mitchell Lowe (collectively, the "Defendants") with securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5, and wire fraud in violation of 18 U.S.C. § 1343.  The indictment alleges that the Defendants engaged in a fraudulent scheme involving the companies Helios & Matheson Analytics, Inc. ("HMNY") and its majority-owned subsidiary MoviePass, Inc. ("MoviePass").  Defendant Farnsworth was the Chief Executive Officer ("CEO") and Chairman of HMNY and Defendant Lowe was the CEO of MoviePass.  As alleged, the Defendants made a number of materially false statements about HMNY and MoviePass in order to artificially increase the price of HMNY common stock and attract new investors, and thereby enrich themselves.

As detailed in the government's First Response to the Discovery Standing Orders (ECF No. 18), on December 1, 2022 the government produced approximately 2.7 million records in discovery to the Defendants, with the understanding that they agreed to treat the documents as confidential pursuant to the terms of the attached proposed Protective Order.  Under Federal Rule of Criminal Procedure 16(d)(1), "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  *United States v. Londono*, No. 10-20763-1-CR, 2019 WL 11216999, at *2 n.1 (S.D. Fl. Aug. 28, 2019) (quoting Fed. R. Crim. P. 16(d)(1)).

Discovery in this matter includes documents and materials containing personal, confidential, identifying information of individuals, including sensitive financial information, interview memoranda, and electronic communications, all of which the proposed Protective Order defines as "covered information."  The United States's voluminous production includes a significant amount of covered information.  The sheer amount of discovery would make the

redaction of all personal identifying information within a reasonable time period extremely impracticable—if not impossible. The United States seeks to protect such covered information from misuse, and proposes the accompanying Protective Order to limit and otherwise govern the disclosure and use of covered information.

The parties agree to the terms of this Proposed Order, with the one exception discussed below. Under the agreed terms, any covered information that is disclosed to the Defendants in this proceeding shall be held in strictest confidence by defense counsel, and access to this material shall be restricted. Access to this information shall be permitted to defense counsel staff (including investigators) only to the extent necessary to prepare their client's defense. Such information may be further disclosed by defense counsel to their client and to expert witnesses hired by the defense who must review and agree to be bound by the terms of the Protective Order. Persons to whom any such information is disclosed shall not further disclose or disseminate this information without further Order of the Court. Documents and information that do not contain covered information are not subject to these restrictions.

### **Defendants' Additional Contested Provision**

In addition to the agreed terms, the Defendants request that the Protective Order include a provision that they be allowed to use the discovery materials in the SEC Action. The SEC Action mirrors many of the allegations in this case. The SEC's complaint alleges, among other things, that Defendants Farnsworth and Lowe engaged in a securities fraud involving HMNY and MoviePass by making material false statements to investors. It also makes the further allegation that Defendants Farnsworth and Lowe approved false invoices that an additional defendant, Khalid Itum, submitted to HMNY and MoviePass, through which Itum obtained more than $300,000.

Although the Fraud Section has agreed to similar provisions in at least a few instances in

the past, the government objects for several reasons here. First, to the government's understanding there is not yet a discovery protective order in place in the SEC Action. While the government has no doubt that defense counsel will attempt in good faith to fully comply with the terms of the Protective Order, the fact that there is not yet a corresponding order in place in the SEC Action is problematic. This is compounded by the fact that there is an additional defendant, Mr. Itum, in the SEC Action, who is not a defendant in this case and thus not a party to the Protective Order here. In the event that counsel for Mr. Itum issues a discovery request to Defendants Farnsworth and Lowe for the discovery produced by the government in this matter, there are currently no restrictions in place to prevent its further dissemination. Under those circumstances, the government would lose the ability to enforce the Protective Order.

Second, the government objects for the reasons outlined in the supplemental letter that it is submitting to the Court *ex parte*[1].

Finally, to the extent that the Defendants request to use specific documents in the SEC Action produced by the government in discovery, the government is willing to consider those requests on a case-by-case basis. The government is not seeking to limit the Defendants' ability to defend themselves in the SEC Action—only to protect the voluminous amount of confidential information being produced in this case by preventing it from being turned over wholesale in the SEC Action.

---

[1] *See* Fed. R. Crim. P. 16(d)(1) ("The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.")

Accordingly, in order to protect the confidentiality of this information and to satisfy its obligations under the Standing Discovery Order and Fed. R. Crim. P. 16, the government respectfully requests that this Court enter the attached proposed Protective Order.

Respectfully submitted,

GLENN S. LEON, CHIEF
U.S. DEPARTMENT OF JUSTICE CRIMINAL
DIVISION, FRAUD SECTION

By:  */s/ Blake Goebel*
Christopher Fenton
Blake Goebel
Trial Attorneys
Florida Special Bar Number A5502984 (Goebel)
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 616-5010
Blake.Goebel@usdoj.gov

## CERTIFICATE OF SERVICE

I, Blake Goebel, hereby certify that on December 8, 2022, I caused the foregoing filing to be electronically filed with the Clerk of Court by using the Court's electronic filing system, which will automatically send a notice of electronic filing to the parties who have entered an appearance in this case.

By: */s/ Blake Goebel*
Blake Goebel
Trial Attorney
Florida Special Bar Number A5502984 (Goebel)
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Phone: (202) 616-5010
Blake.Goebel@usdoj.gov