UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| UNITED STATES OF AMERICA. <br><br> v. <br><br> THEODORE FARNSWORTH and J. MITCHELL LOWE, <br><br> Defendants. | Case No. 22-CR-20521-RNS |

### DEFENDANTS' JOINT MOTION TO AMEND THE PROTECTIVE ORDER

Defendants Theodore Farnsworth and J. Mitchell Lowe (collectively, the "Defendants") submit this joint motion (the "Motion") to amend the protective order entered by the Court on December 19, 2022, ECF No. 25 (the "Protective Order").  The Defendants seek narrow amendments to the Protective Order in order to permit the Defendants to use the discovery materials provided by the Government in this case and covered by the Protective Order (*i.e.*, produced documents containing "Covered Information," as defined in the Protective Order) in the parallel civil case brought against them (and one additional defendant) by the U.S. Securities and Exchange Commission: *U.S. Securities and Exchange Commission v. Farnsworth et al.*, Case No. 1:22-CV-8226-KPF (S.D.N.Y.) (the "SEC Action").[1]  The Defendants respectfully request the Court grant the Motion and enter the proposed amended protective order (the "Proposed Amended

---

[1] At the Defendants' request, the Government's motion for entry of the Protective Order noted the Defendants' position with respect to being able to use the Covered Information in the SEC Action and that the Defendants would seek relief from the Court on that issue. ECF No. 21 (the "Motion for Protective Order," setting a December 22, 2022, deadline for Defendants' response).  Because the Protective Order was entered before Defendants' deadline to respond, the Defendants frame their request for relief as a motion to amend the Protective Order.

1

Protective Order") attached hereto as Exhibit A.  A redline of the Proposed Amended Protective Order against the Protective Order is attached hereto as Exhibit B.

As set forth in more detail herein, there are several reasons the Court should grant the narrow relief the Defendants seek.  *First*, not allowing the Defendants to utilize documents produced by the Government that may contain Covered Information in the SEC Action is arbitrary, unworkable, and fundamentally unfair.  The same law firms and same teams of attorneys at those law firms will be working on this action and the SEC Action, which, as the government acknowledges, "mirror" one another in large part with respect to the allegations at issue.  It is unduly burdensome for the same attorneys to be precluded from utilizing the same documents to prepare a defense to the same factual allegations in the SEC Action, and instead must set aside documents that may contain Covered Information when preparing a defense to the SEC Action.  *Second*, the Department of Justice routinely agrees to similar orders that expressly provide for the use of produced documents in defending parallel proceedings brought by regulators that involve the same underlying facts.  *Third*, any concerns raised by the Government in this case (at least those known to the Defendants, who do not have access to the Government's *ex parte* filing) do not counsel for a blanket prohibition of the use of any implicated documents in the SEC Action.  Instead, any concerns raised by the Government can and should be addressed as set forth in the Proposed Amended Protective Order.

**I.      Relevant Law**

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).  "Courts asked to modify protective orders under Rule 16(d)(1) . . . consider (1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the

order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *United States v. Londono*, No. 10-CR-20763, 2019 WL 11216999, at *2 (S.D. Fla. Aug. 28, 2019) (internal quotations and citations omitted).

## II.   Argument

The factors set forth above support modification, and modification will not prejudice the Government.[2] Most fundamentally, there is good cause to modify the Protective Order.

*First*, the Protective Order in its current form is unworkable, imposes an unreasonable burden on the Defendants and this Court, and creates an artificial distinction between use of discovery in this case and the SEC Action. As the Government acknowledges, "[t]he SEC Action mirrors many of the same allegations in this case." Motion for Protective Order at 3. And as noted above, counsel for the Defendants are the same in this case and the SEC Action. Although the Government claims it "is not seeking to limit the Defendants' ability to defend themselves in the SEC Action," *id.* at 4, it submits it is only willing to consider the Defendants' requests to use any of the 2.7 million documents produced in the SEC Action "on a case-by-case basis," *id.* Practically, this means that for every category of documents the Defendants wish to use in the SEC Action, the Defendants will need to first engage with the Government for permission. If the Government consents, the Court will be asked to enter an amended protective order. If the Government opposes, the Defendants will be forced to file a contested motion to amend the protective order and litigate their ability to use in the SEC Action each category of the 2.7 million

---

[2] The first three factors, although not as relevant given the procedural posture, support modification. With respect to foreseeability, for example, the Defendants sought inclusion of its requested provision in negotiations with the Government and intended to brief this issue before the December 22, 2022 deadline. The Defendants are thus seeking to modify the Protective Order immediately after entry by the Court. Further, the parties have not relied on the Protective Order.

3

documents produced by the Government here. This is not only a massive waste of both the parties' and the Court's resources, but it would provide the Government with key insight into defense strategies (at a minimum, which documents the Defendants intend to use in their defense), which it is not entitled to at this stage of the case. Alternatively, the Defendants would be required to engage in costly and time-consuming duplicative discovery, serving subpoenas and litigating the discoverability of information which is already in their possession and will become part of the public record once this case is tried. *Cf. S.E.C. v. Rajaratnam*, 622 F.3d 159, 183 (2d Cir. 2010) ("[G]iven that the team of lawyers defending the criminal case substantially overlaps with that defending the civil case[, i]t would be nearly impossible to stop the attorneys from, at the very least subconsciously, using information from these materials in preparation for the civil trial.").

The unjust nature of the Government's proposal is compounded by the fact that it has been sharing discovery with the SEC all along. In fact, the Government recently produced to the Defendants more than 82,000 pages of documents that it received from the SEC and more than 2.5 million pages of documents from HMNY's bankruptcy trustee, which are already in possession of the SEC. Yet, under the Government's proposal, the Defendants need to seek the Government's consent (and consequently seek this Court's leave to amend the Protective Order again) to use these documents in the SEC action.[3] This is an unreasonable and unduly oppressive request,

---

[3] Further, the Defendants' counsel would also be forced under the current Protective Order to create duplicative internal work product (such as chronologies) for use in this case and the SEC Action that includes only the documents permitted for use in each case. Indeed, given the large overlap in subject matter, the Protective Order is, on a practical level, unworkable. Much of the work with discovery that will be carried out by the same attorneys, representing the same clients, and litigating the same facts will, at some level, be used for the SEC Action at least in terms of internal preparation.

particularly in light of the availability of adequate protections for any confidential information as discussed below, and thus this represents good cause to modify the Protective Order.

*Second*, the concerns raised by the Defendants are far from novel, and the Department of Justice, in criminal cases in which there are accompanying civil actions filed by regulators involving the same facts, routinely submits proposed protective orders that allow for the use of produced documents in the related civil case. As the Government concedes, "the Fraud Section has agreed to similar provisions [to what the Defendants are requesting here] in at least a few instances in the past." Motion for Protective Order at 3–4. *See, e.g.*, *United States v. Vorley*, 18-CR-35 (N.D. Ill.) (ECF No. 65) (attached hereto as Exhibit C) (involving Fraud Section); *United States v. Coburn*, 19-CR-120 (D.N.J.) (ECF No. 22) (attached hereto as Exhibit D) (involving Fraud Section); *United States v. Collins*, 18-CR-567 (S.D.N.Y.) (ECF No. 29) (attached hereto as Exhibit E); *United States v. Murray*, 17-CR-452 (S.D.N.Y.) (ECF No. 12) (attached hereto as Exhibit F); *United States v. Blaszczak*, 17-CR-357 (S.D.N.Y.) (ECF No. 54) (attached hereto as Exhibit G); *United States v. Simmons*, 17-CR-127 (S.D.N.Y.) (ECF No. 27) (attached hereto as Exhibit H); *United States v. Block*, 16-CR-595 (S.D.N.Y.) (ECF No. 10) (attached hereto as Exhibit I);; *United States v. Walters*, 16-CR-338 (S.D.N.Y.) (ECF No. 22) (attached hereto as Exhibit J); *United States v. Tuzman*, 15-CR-536 (S.D.N.Y.) (ECF No. 359) (attached hereto as Exhibit K); *United States v. Goffer*, 10-CR-56 (S.D.N.Y.) (ECF No. 132) (attached hereto as Exhibit L); *United States v. Rajaratnam*, 09-CR-1184 (S.D.N.Y.) (ECF No. 240) (attached hereto as Exhibit M). There is good cause to include such a provision in this case.

*Third*, the concerns raised by the Government in its motion are easily addressed through the Proposed Amended Protective Order. The Government raised the lack of a corresponding protective order in the SEC Action as a concern. But the Proposed Amended Protective Order

provides that the Defendants are bound by the terms of the order with respect to their use of materials in the SEC Action until an appropriate protective order is in place in that action. Proposed Amended Protective Order ¶ 3.  The Government also raised the fact that there is an additional party to the SEC Action, who is not a defendant in this case.  This, too, however, is alleviated by the Proposed Amended Protective Order, which precludes the Defendants from sharing documents with this party until an appropriate protective order is in place in the SEC Action. *Id.*

Additionally, while the Defendants do not have access to the arguments contained in the Government's *ex parte* submission, if the Defendants' prediction about the arguments contained therein are correct, such arguments are equally unavailing.  Assuming, for example, that the Government argues under seal its frequent refrain that its criminal investigation is ongoing and that production of documents to the third defendant in the SEC Action would compromise that investigation, those arguments should be swiftly rejected.  First, the Defendants should not be penalized and forced to spend significant resources litigating the discoverability of discovery *already in their possession* simply because the Department of Justice and the SEC chose to file their cases against them in concert and within less than two months of one another.  *Cf. S.E.C. v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) ("[I]t is strange[] . . . that the U.S. Attorney's Office, having closely coordinated with the SEC in bringing simultaneous civil and criminal actions against some hapless defendant, should then wish to be relieved of the consequences that will flow if the two actions proceed simultaneously.").  Second, to the extent that the Government is continuing to investigate (and is contemplating bringing charges arising out of) the additional allegations included in the SEC Action, the substance of such allegations is now public, undermining any nebulous concerns about confidentiality that may have been raised by the

Government *ex parte*. Regardless, the Defendants would be able to obtain this information through civil discovery in the SEC Action. The Government is not so much opposing the Defendants' use of the criminal discovery in the SEC Action as it is forcing the Defendants to spend significant time, money, and resources before they are allowed to do so. Relatedly, the notion that the Government's productions contain such significant Confidential Information about allegations that are not currently within the scope of the Indictment that it would seriously impede its investigation is not facially credible. Third, any such concerns can and should be addressed in a pragmatic way, as set forth in the Defendants' Proposed Amended Protective Order, as opposed to a blanket prohibition (absent document-by-document consent by the Department of Justice) of the Defendants using documents that might happen to contain Covered Information in the SEC Action.

## CONCLUSION

For these reasons, the Defendants respectfully request the Court grant the Motion and enter the Proposed Amended Protective Order, attached hereto as Exhibit A.

DATED: December 22, 2022

<div style="display: flex;">

*/s/ Matthew I. Menchel*
Matthew I. Menchel
Adriana Riviere-Badell
KOBRE & KIM LLP
201 South Biscayne Boulevard
Suite 1900
Miami, Florida 33131
Telephone: (305) 967-6108
Email: matthew.menchel@kobrekim.com
         adriana.riviere-badell@kobrekim.com

*Counsel for J. Mitchell Lowe*

*/s/ Henry P. Bell*
Henry P. Bell
BELL ROSQUETE REYES ESTEBAN, PLLC
999 Ponce de León Boulevard, Suite 810
Coral Gables, Florida 33134
Telephone: (305) 570-1610
Email: hbell@brresq.com

Jason H. Cowley
MCGUIREWOODS LLP
1251 6th Ave., 20th Floor
New York, NY 10020
Telephone: (212) 548 (212) 548-2138
Email: jcowley@mcguirewoods.com

*Admitted Pro Hac Vice*

*Counsel for Theodore Farnsworth*

</div>

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 22nd day of December, 2022, a copy of the foregoing was filed electronically by using the CM/ECF system, and that notification of this filing is to be provided to all counsel of record who have registered to receive notices from the court under the CM/ECF system.

/s/ Henry P. Bell
Henry P. Bell
Fla. Bar. No. 090689