UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20521-RNS

UNITED STATES OF AMERICA

v.

THEODORE FARNSWORTH and
J. MITCHELL LOWE,

        **Defendants.**
_____/

## AMENDED PROTECTIVE ORDER

Upon consideration of the United States' Motion for Entry of a Protective Order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Defendants' Joint Motion to Amend the Protective Order, and the record in this case, the Court finds good cause for entry of this Amended Protective Order and hereby ORDERS:

1.    Documents, materials, and information the United States provides as discovery in this matter that may contain personal, confidential, identifying information of individuals, including sensitive financial information, interview memoranda, and electronic communications, shall be described as "covered information" for purposes of this Order.

2.    The Defendants shall possess covered information only as necessary for counsel to perform work related to the case, except that the Defendants may use covered information in *U.S. Securities and Exchange Commission v. Farnsworth et al.*, Case No. 1:22-CV-8226-KPF (S.D.N.Y.) (the "SEC Action"), provided that such use is consistent with the provisions of this Order.

3.    With respect to the SEC Action, the Defendants in this action shall be bound to the terms of this Order when utilizing any documents produced in this action containing covered

information in the defense of the SEC Action until the entry of a protective order in the SEC Action that covers such materials and provides, at a minimum, the following (the "SEC Protective Order"):

- The parties to the SEC Action, and their associates, agents, investigators, and experts, would be permitted to use covered information in the SEC Action only as necessary for counsel to perform work related to that case;

- To the extent any party to the SEC Action receives a subpoena that would require the production of any covered information, such party would promptly provide notice to the Government, so that the Government would have an opportunity to be heard before any documents are produced; and

- Upon entry of a final judgment in the SEC Action and conclusion of any direct appeals, the parties to that action must destroy or cause to be destroyed all copies of covered information except as otherwise required to be maintained pursuant to document retention policies and to represent the Defendants in any additional proceedings relating to the SEC Action, including, collateral review of any judgment.

4. Additionally, the Defendants in this action shall not produce to any other parties in the SEC Action any documents produced in this action containing covered information until entry of the SEC Protective Order as described above.

5. Associates and agents of defense counsel, and investigators working with defense counsel, may possess covered information only as necessary to perform work related to the case or the SEC Action, as applicable.

6. Third parties contracted by the United States or the defense to provide expert analysis or testimony may possess covered information only as necessary to perform work related to the case or the SEC Action, as applicable.

7. Government personnel and defense counsel shall ensure that the Defendants (in the case of defense counsel) or any third person who obtains access to covered information is provided a copy of this Order. Any such third persons shall be subject to the terms of this Order and shall, before being provided with any materials produced pursuant to the terms of this Order, sign an

acknowledgement, to be retained by Defendants' counsel and provided to the United States upon request, indicating they have received and reviewed the terms of this Order and understand they are bound by it.

8. No person who obtains access to or possession of covered information shall retain such access or possession, or further disseminate or distribute covered information, other than as authorized.

9. Any person who obtains access to or possession of covered information shall promptly destroy or return such information once the person no longer requires access to or possession of the information to perform work related to the case or the SEC Action, as applicable.

10. Upon entry of a final judgment in this matter and conclusion of any direct appeals, defense counsel shall destroy or cause to be destroyed all copies of covered information except as otherwise required to be maintained pursuant to document retention policies and to represent the Defendants in any additional proceedings relating to this matter, including, collateral review of any judgment.

DONE AND ORDERED this day of December 2022, in Miami, Florida.

                                                           HON. ROBERT N. SCOLA, JR.
                                                           UNITED STATES DISTRICT JUDGE