Case 1:22-cr-20521-DSL Document 27-4 Entered on FLSD Docket 12/22/2022 Page 1 of 6

Case 2:19-cr-00120-KM Document 22 Filed 04/05/19 Page 1 of 6 PageID: 91

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Kevin McNulty |
| v. | : |
| GORDON J. COBURN and STEVEN SCHWARTZ | : Criminal No. 19-120 |

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court on the joint application of the United States, by Craig Carpenito, United States Attorney (Courtney A. Howard and Nicholas P. Grippo, Assistant U.S. Attorneys, and David A. Last, Trial Attorney, Fraud Section, appearing), and defendants Gordon J. Coburn (Hank B. Walther, Esq. and James P. Loonam, Esq., appearing) and Steven Schwartz (Theodore V. Wells, Jr., Esq., Roberto Finzi, Esq., Justin Lerer, Esq., and Joel Meyers, Esq. appearing) for a protective order for pre-trial proceedings in the above-captioned criminal matter (the "Protective Order"), pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure; and

WHEREAS, the defendants are charged in a twelve-count Indictment with, in Count One, conspiracy to violate the Foreign Corrupt Practices Act, in violation of Title 18, United States Code, Section 371; in Counts Two through Four, violations of the Foreign Corrupt Practices Act, in violation of Title 15, United States Code, Sections 78dd-1 and 78ff(c)(2)(a), and Title 18, United States Code, Section 2; in Counts Five through Eleven, false books and records, in violation of Title 15, United States Code, Sections 78m(b)(2)(A),

78m(b)(5) and 78ff(a), and Title 18, United States Code, Section 2; and in Count Twelve, circumvention of, and failure to implement, required internal accounting controls, in violation of Title 15, United States Code, Sections 78m(b)(2)(B), 78m(b)(5) and 78ff(a), and Title 18, United States Code, Section 2.

WHEREAS, the parties seek an Order protecting from disclosure to the public any documents, the information contained therein, and other information provided by the Government to the defendants and their counsel of record during the course of this criminal litigation, including any documents or other information provided in compliance with the Government's disclosure obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500, <u>Brady v. Maryland</u>, <u>United States v. Giglio</u>, and any discovery scheduling orders the Court enters (hereinafter, the "Materials"); and

WHEREAS, the parties have agreed that the procedure to regulate the disclosure and use of the Materials will not impede the defendants' ability to prepare for their defense in this case or in the related civil litigation *S.E.C. v. Coburn*, 19-CV-05820 (D.N.J.) brought by the Securities and Exchange Commission (the "SEC Case"), but merely will protect against the improper dissemination or use of the Materials.

Therefore, IT IS HEREBY STIPULATED AND AGREED that the following provisions shall govern the handling of the Materials during pre-trial proceedings (including hearings and motions), at trial, and during post-trial and collateral proceedings in this case and the SEC Case:

2

1. In addition to making the Materials available to the defense for inspection, review, and copying, the Government is authorized to provide defense counsel with their own copy of the Materials to facilitate preparation for trial.

2. Access to the Materials will be restricted to personnel authorized by the Court, namely, the defendants and their counsel of record in this case and the SEC Case, and counsel's associated attorneys, paralegals, investigators, experts (retained pursuant to a written retainer agreement, by the defendants and/or their counsel in connection with the criminal case), secretaries employed by counsel of record and performing services on behalf of the defendants, prospective witnesses and their counsel, if any (to the extent deemed necessary by defense counsel, for trial preparation), and such other persons as hereafter may be authorized by the Government or the Court upon ex parte motion by either or both of the defendants. The Materials may not be given to or remain in the custody of prospective witnesses absent an agreement from such prospective witnesses and their counsel, if any, to keep the Materials confidential.

3. The following restrictions will be placed on the above-designated individuals unless further ordered by the Court. The above-designated individuals shall not:

   a. Allow copies of any Materials to be made by any person other than those identified in paragraph 2 above, or allow the Materials to be otherwise disseminated; or

3

    b.    Allow any person other than those identified in paragraph 2 above to read, view or possess the Materials; or

    c.    Use the Materials for any other purpose other than preparing to defend or defending against the charges (during pre-trial proceedings (including hearings and motions), at trial, or during post-trial or collateral proceedings) in this case or the SEC Case.

4.    Defense counsel shall advise any person to whom the Materials are disclosed that such information should be held in strict confidence and that further disclosure or dissemination is prohibited without defense counsel's express consent.

5.    Defendants and their counsel may not disclose the Materials to any person not identified in paragraph 2 above unless the defendants and/or their counsel make a written request to the Government or file an ex parte motion with the Court for an exception to these restrictions, and such a request or motion is granted.

6.    Counsel for the defendants shall store the Materials in a secure place and shall use reasonable care to ensure that the Materials are not disclosed or disseminated to any third party in violation of this Protective Order. In the event of any inadvertent disclosure of the Materials, counsel for the defendants shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Materials and shall use

4

all reasonable efforts to secure the return or destruction of the inadvertently produced Materials.

7. The restrictions set forth herein shall not restrict the use or introduction as evidence of the Materials during pre-trial proceedings (including hearings and motions), at trial, or during post-trial and collateral proceedings in this matter or the SEC Case, if such information is relevant to the case.

8. This stipulation is binding on all future and successor counsel, and applies to the Materials disclosed to the defense prior to the date of this Protective Order.

9. Nothing in this order prevents defendants or their counsel from using or sharing information or documents that they obtained or obtain from sources other than the Government, even if that information or those documents are duplicative of the Materials.

10. The defendants and their counsel agree that they have no ownership or proprietary interest in the Materials subject to the present Order, other than any granted pursuant to Rule 16 of the Federal Rules of Criminal

Procedure, Title 18, United States Code, Section 3500, Brady v. Maryland, United States v. Giglio, and any discovery orders the Court enters.

**Form and entry consented to:**

COURTNEY A. HOWARD
NICHOLAS P. GRIPPO
Assistant U.S. Attorneys

DAVID A. LAST
Trial Attorney, Fraud Section

THEODORE V. WELLS, JR., ESQ.
ROBERTO FINZI, ESQ.
JUSTIN LERER, ESQ.
JOEL MEYERS, ESQ.
Counsel for Defendant Steven Schwartz

HANK B. WALTHER, ESQ.
JAMES P. LOONAM, ESQ.
Counsel for Defendant
Gordon J. Coburn

**ORDER**

IT IS SO ORDERED this 5th day of April, 2019:

HON. KEVIN MCNULTY
United States District Judge

6