```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                     :
UNITED STATES OF AMERICA             :
                                     :
     - v. -                          :    Protective Order
                                     :
CHRISTOPHER COLLINS,                 :    18 Cr. 567 (VSB)
CAMERON COLLINS, and                 :
STEPHEN ZARSKY,                      :
                                     :
               Defendants.           :
                                     :
                                     :
- - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/23/2018

The Honorable Vernon S. Broderick, District Judge:

On the joint motion of the United States of America, by Geoffrey S. Berman, United States Attorney, through his counsel, Scott Hartman, Damian Williams, and Max Nicholas, Assistant United States Attorneys (the "Government"), pursuant to Federal Rule of Criminal Procedure 16(d), on consent of the defendant Christopher Collins, through his counsel Jonathan New, Esq. and Jonathan Barr, Esq., the defendant Cameron Collins, through his counsel Rebecca Ricigliano, Esq. and Thomas Hanusik, Esq., and the defendant Stephen Zarsky, though his counsel Mauro Wolfe, Esq. and Amanda Bassen, Esq., (the "defendants"), and for good cause shown,

IT IS HEREBY ORDERED:

1. With the exception of otherwise publicly available documents and information, all materials, including documents and the information contained therein, electronic data, and other

audio or visual materials that are provided by the Government to the defendants in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady* v. *Maryland*; or *Giglio* v. *United States*, are considered "Confidential Information."

2. Confidential Information, or Highly Confidential Information as defined in paragraph 6 below, disclosed to the defendants or to their counsel in this case during the course of proceedings in this action:

a. Shall be used by and among the defendants and their counsel only for purposes of defending this criminal action, except that the defendants may use Confidential Information in *S.E.C. v. Collins et al.*, No. 18 Civ. 7128 (KPF), provided that such use is consistent with the provisions of this Order as set forth below;

b. Shall not be disclosed in any form by the defendants or their counsel except as set forth in paragraph 2(c) below; and

c. May be disclosed by the defendants or their counsel in this action only to the following persons (hereinafter "Designated Persons"):

i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defense counsel;

2

          ii. expert witnesses, investigators, advisors, consultants and vendors retained or consulted by defendants and/or their counsel in connection with this action;

          iii. prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case; and

          iv. such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon a defendant's motion.

    3. Confidential Information disclosed to the defendants or their counsel during the course of proceedings in this action, including any and all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed. This matter will be concluded upon expiration of either the conclusion of any litigation related to the above-captioned case, including direct appeal, petition for certiorari and any merits review, and collateral attack, or dismissal of the charges against the defendants.

    4. The defendants or their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraphs 2(c)(ii)-(iv). Designated Persons shall be subject to the terms of this Order and, if they are given possession of any Confidential Information,

shall sign an acknowledgment, to be retained by defense counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with any materials produced pursuant to terms of this Order.  The signed acknowledgments required pursuant to this paragraph shall not be disclosed by the defense except pursuant to an order of the Court for the purpose of enforcing this Protective Order.  In addition, if Confidential Information is provided to any Designated Persons, those Designated Persons shall make reasonable efforts to return or destroy such materials as set forth in paragraph 3.

     5.   The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing or trial held in this action or to any district or magistrate judge of this Court for purposes of this action.

     6.   The Government may at any time during the pendency of this proceeding designate documents or materials constituting Confidential Information as "Highly Confidential," when, in the good faith determination of the Government, disclosure of such documents or materials is prohibited by statute or regulation or otherwise is not in the public interest.  The defendants and their counsel will not attach any materials designated Highly Confidential pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents

4

in any other manner, without either giving prior notice to the Government or seeking an Order of the Court permitting the use of the materials.

7. If any dispute should arise between the parties to this action as to whether any documents, materials or other information is Confidential Information or Highly Confidential subject to the provisions of this Order, such documents, materials and information shall be considered Confidential Information or, if so designated pursuant to paragraph 5, Highly Confidential, pending further Order of this Court.

8. The terms of this Order shall not apply to documents, data, or information received by the defendants from a source other than Confidential Information, even if duplicative of Confidential Information. To the extent that the Government's discovery contains documents that are also publicly available (without fault of the defendants), nothing in this Order shall restrict the use of such publicly available documents.

9. Nothing in this Protective Order shall preclude defense counsel from entering into an agreement with the Government, and/or seeking an order from this Court, excluding certain specified discovery materials from the scope of this Protective Order.

Dated:  New York, New York
        August 23, 2018

Vernon S. Broderick
United States District Judge

6