```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA      :

   - v. -                    :     **Protective Order**

STEVEN SIMMONS and            :     17 Cr. 127 (KMW)
JOSEPH MELI,
                                              :
              Defendants.
                                              :
- - - - - - - - - - - - - - - - - x

The Honorable Kimba M. Wood, District Judge:

       On the motion of the United States of America, by Joon H. Kim, Acting United States Attorney, through his counsel, Elisha Kobre and Brendan F. Quigley, Assistant United States Attorneys ("the Government"), pursuant to Federal Rule of Criminal Procedure 16(d), for good cause shown,

       IT IS HEREBY ORDERED:

       1.  With the exception of otherwise publicly available documents and information, all materials, including documents and the information contained therein, that are provided by the Government to the defendants in this action pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady* v. *Maryland*; or *Giglio* v. *United States*, are considered "Confidential Information."

  2. Confidential Information disclosed to the defendants or to their counsel in this case during the course of proceedings in this action:

  (a) Shall be used by the defendants and their counsel only for purposes of defending this criminal action, except that defendant Joseph Meli may use Confidential Information in *S.E.C.* v. *Joseph Meli, et al.*, No. 17 Civ. 632 (LLS), provided that such use is consistent with the provisions of this Order as set forth below;

  (b) Shall not be disclosed in any form by the defendants or their counsel except as set forth in paragraph 2(c) below; and

  (c) May be disclosed by the defendants or their counsel in this action only to the following persons (hereinafter "Designated Persons"):

  (i) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's counsel;

  (ii) independent expert witnesses, investigators, expert advisors, consultants and vendors retained — pursuant to a written retainer agreement — in connection with this action;

(iii) prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case; and

(iv) such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon either defendant's motion.

3. Confidential Information disclosed to the defendants or their counsel during the course of proceedings in this action, including any and all copies made of said material, shall, at the conclusion of this matter, either be returned to the Government or shredded and destroyed. This matter will be concluded upon expiration of either the conclusion of any litigation related the above-captioned case, including direct appeal and collateral attack, or dismissal of the charges against the defendants.

4. The defendants or their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraphs 2(c)(ii)-(iv). Designated Persons shall be subject to the terms of this Order and, if they are given possession of any Confidential Information, shall sign an acknowledgment, to be retained by the defendant's counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with any materials produced

pursuant to terms of this Order. In addition, if Confidential Information is provided to any Designated Persons, those Designated Persons shall return or destroy such materials as set forth in paragraph 3.

5. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing or trial held in this action or to any district or magistrate judge of this Court for purposes of this action. Furthermore, the Government may at any time during the pendency of this proceeding designate documents or materials constituting Confidential Information as "Highly Confidential," when, in the good faith determination of the Government, disclosure of such documents or materials is prohibited by statute or regulation or otherwise is not in the public interest. The defendants and their counsel will not attach any materials designated Highly Confidential pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government. If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

6. If any dispute should arise between the parties to this action as to whether any documents, materials or other

information is Confidential Information or Highly Confidential subject to the provisions of this Order, such documents, materials and information shall be considered Confidential Information or, if so designated pursuant to paragraph 5, Highly Confidential, pending further Order of this Court.

Dated:    New York, New York
          *March 20*    , 2017

                                    _____
                                    THE HONORABLE KIMBA M. WOOD
                                    UNITED STATES DISTRICT JUDGE
                                    SOUTHERN DISTRICT OF NEW YORK