UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

UNITED STATES OF AMERICA

CASE NO. 22-CR-20521

vs.

THEODORE FARNSWORTH,
J. MITCHELL LOWE,
_____/

UNOPPOSED MOTION FOR ENTRY OF ORDER
PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

The United States of America, by and through its assigned Filter Team,[1] moves for entry of an order pursuant to Federal Rule of Evidence 502(d). Defendants Theodore Farnsworth and J. Mitchel Lowe ("Defendants") and non-party Khalid Itum do not oppose the relief sought in this Motion.

In support of this Motion, the Filter Team states as follows:

1.   On December 19, 2022, the Court entered a Protective Order [ECF No. 25] in this matter, granting the Government's Motion for Protective Order [ECF No. 21].

2.   In 2020 and 2021, during its investigation, the Government obtained electronic evidence from the Bankruptcy Trustee[2] for Defendants' companies, Helios and Matheson Analytics, Inc., Zone Technologies, Inc., and MoviePass, Inc. (together, "the Companies").

---

[1] The Filter Team attorney in this case is DOJ Attorney Timothy J. Coley. The Filter Team attorney is assigned to the U.S. Department of Justice, Criminal Division, Fraud Section's Special Matters Unit and has a separate reporting and supervisory chain from the Prosecution Team in this case. Further, the Filter Team attorney is supported by paralegals and other professional staff who are not part of the Prosecution Team. The Filter Team attorney and his supporting staff only conduct the filter review and are not involved in the investigation or proceedings related to the above-captioned matter.

[2] Alan Nisselson of Windels Marx.

3. On February 19, 2020, the Trustee provided a written waiver of attorney-client privilege on behalf of the Companies covering any attorney-client communications in those productions.

4. The Filter Team identified Potentially Protected Material[3] within the Trustee material belonging to the Defendants, and it withheld and segregated this PPM from the Prosecution Team.

5. The Filter Team produced the non-PPM within the Trustee material to the Prosecution Team, which was then produced to Defendants.

6. On January 31, 2023, the Filter Team sent a letter to counsel for Defendants advising them it had identified their PPM in the Trustee material. The Filter Team in this letter proposed a process for reviewing and asserting privilege over this material, whereby the material would be produced to the respective potential privilege holders, who would then review it for privilege, and provide a privilege log over any asserted material.

7. On April 19, 2023, counsel for Defendants responded by email, asking the Filter Team to "please provide the materials potentially subject to the spousal communication privilege to counsel for Mr. Farnsworth only," and "[f]or the materials potentially subject to the possible joint representation, please produce them to counsel for both Mr. Farnsworth and Mr. Lowe. We will then revert with privilege assertions."

8. On May 16, 2023, the Filter Team produced to Defendants approximately 63,000 PPM records identified within the Trustee material.

---

[3] "Potentially Protected Material" or "PPM" is material that could potentially garner the protections of the attorney client privilege, work product doctrine, or other legally recognized privileges.

9. On November 17, 2023, counsel for Defendants provided a letter to the Filter Team along with a "categorical" privilege log and draft Rule 502(d) stipulation and order. In their November 17, 2023 letter, Defendants advised that they "intend to assert privilege over 33,121 of the approximately 63,000 documents provided on May 16."[4] Defendants' November 17, 2023 letter also proposed entering into a Rule 502(d) agreement with respect to the approximately 30,000 Trustee records produced on May 16, 2023 which they did not include on their Privilege Log (the "Non-Asserted Material"). Defendants have requested this relief to "preserve Defendants' privilege over inadvertently produced documents and establish a protocol for clawing any back."

10. Khalid Itum, the defendant in *United States v. Khalid Itum*, Case No. 23-CR-83-VAP (C.D. Cal.) has requested production of the Non-Asserted Material on the grounds that it may be discoverable in that case. The U.S. Attorney's Office for the Central District of California has not waived any objections to the discoverability of the Non-Asserted Material in that case but intends on producing the Non-Asserted Material to Itum.

11. To avoid protracted litigation over Defendants' privilege claims in this matter and to meet the Government's discovery obligations in the *Itum* matter, the Government and Defendants (together, the "Parties") agree to the following:

    a. Defendants expressly authorize the Filter Team to release the Non-Asserted Material to the Prosecution Team in this case and the prosecution team the *Itum* matter (together, the "Prosecution Teams"), and also to defendant Itum.

---

[4] The Government is analyzing the Privilege Log and does not concede at this juncture that any individual records identified the Privilege Log are in fact privileged. The Filter Team intends to further meet and confer with Defendants regarding their privilege assertions, including the sufficiency of their Privilege Log. In the event the Parties are unable to resolve any disagreements regarding Defendants' privilege assertion, or the filter processes related thereto, the Parties may at that point seek the Court's guidance.

b.     Pursuant to Federal Rule of Evidence 502(d), any applicable attorney-client privilege and other privileges or protections are not waived by disclosure of the Non-Asserted Material connected with the litigation pending before the Court, nor constitute waiver in any other federal or state proceeding, including the *Itum* matter.

c.     In the event a Defendant seeks to claw back any Non-Asserted Material at a future point on the basis of the attorney-client privilege, the attorney work product protection, or any other privilege or protection over any materials produced pursuant to the proposed Order, that party must:

  i.     Promptly notify the Prosecution Teams, Filter Team, and defendant Itum via email that it will assert a claim of privilege or work product protection over the document, and

  ii.     Simultaneously furnish a privilege log over the asserted record(s) that includes a sufficiently detailed factual description of the record and the basis for the privilege, including the privilege asserted and the putative privilege holder, to permit the recipients to analyze the privilege assertion.

d.     In the event Defendants assert privilege or work product protection over any non-Asserted Material, the Prosecution Teams and defendant Itum will promptly segregate that material. The Filter Team, Defendants, and defendant Itum will meet and confer regarding the assertion and, if necessary, bring any disputes to the Court for resolution.

    e.      If either of the Prosecution Teams determine that any Non-Asserted Material provided to them by the Filter Team may be privileged or subject to the work product protection, it shall promptly inform Defendants, through their counsel, via email, providing the Bates-Stamps (hereinafter, the "Potentially Privileged Documents") and will cease review and use of the Potentially Privileged Documents.

    f.      Within five business days, Defendants, through their counsel, shall respond to the Prosecution Teams via email and state whether they will assert a claim of privilege or work product protection over the Potentially Privileged Documents. If Defendants do not assert a claim of privilege or work product over the Potentially Privileged Documents within five business days, the Prosecution Teams shall have no further obligations related to this request, including, but not limited to, any restriction on its use or review of the Potentially Privileged Documents.

    g.      In the event the Defendants assert privilege or work product protection over any of the Potentially Privileged Documents, the Prosecution Teams and defendant Itum will promptly segregate that material. The Filter Team, Defendants, and defendant Itum will meet and confer regarding the assertion and, if necessary, bring any disputes to the Court for resolution. The Non-Asserted Material covered by this request shall be subject to the December 19, 2022 Protective Order [ECF No. 25].

Accordingly, the Filter Team requests that this Motion be granted and that the Court issue an order pursuant to Federal Rule of Evidence 502(d) for the relief requested herein.

This the 13th day of December, 2023

                                              Respectfully submitted,

                                              MARKENZY LAPOINTE
                                              UNITED STATES ATTORNEY
                                              SOUTHERN DISTRICT OF FLORIDA

                                              GLENN S. LEON, CHIEF
                                              CRIMINAL DIVISION, FRAUD SECTION
                                              U.S. DEPARTMENT OF JUSTICE

                        By:     */s/ Timothy J. Coley*
                                              TIMOTHY J. COLEY (FL Bar # A5502784)
                                              Assistant Chief
                                              United States Department of Justice
                                              Criminal Division, Fraud Section
                                              Special Matters Unit
                                              1400 New York Avenue NW
                                              Washington, DC 20530
                                              Tel: (202) 514-0395
                                              Timothy.J.Coley@usdoj.gov

## **CERTIFICATE OF CONFERENCE**

     I certify that on December 1, 5, and 7, 2023, I conferred by email with counsel for Defendants, who do not oppose the Motion for Entry of Order Pursuant to Federal Rule of Evidence 502(d).

                                                                                 */s/ Timothy J. Coley*
                                                                                 TIMOTHY J. COLEY
                                                                                 Assistant Chief, Fraud Section

**CERTIFICATE OF SERVICE**

  I hereby certify that, on December 13, 2023, I filed the foregoing with the Clerk of the Court using the CM/ECF system.

                */s/ Timothy J. Coley*
                TIMOTHY J. COLEY
                Assistant Chief, Fraud Section