# **EXHIBIT 1**

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

CASE NO.: 22-20521-CR-SCOLA/GOODMAN

UNITED STATES OF AMERICA:

    Plaintiff,

v.                                            USM # : _____

J. MITCHELL LOWE,

    Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 1,000,000.00 Five (5) Percent Bond.

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. ~~May not~~ travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida ~~consists of the following~~ counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie. See Special Conditions.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: J. Mitchell Lowe
CASE NUMBER: 22-20521-CR-SCOLA/GOODMAN
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: (✓) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

✓ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ___ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

✓ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

___ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

___ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: J. Mitchell Lowe
CASE NUMBER: 22-20521-CR-SCOLA/GOODMAN
PAGE THREE

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

  __ Location monitoring technology at the discretion of the officer

  __ Radio Frequency (RF) monitoring (Electronic Monitoring)

  __ Active GPS Monitoring

  __ Voice Recognition

  __ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

  __ Home Detention: You are restricted to your residence at all times except for:
  - ( ) medical
  - ( ) substance abuse or mental health treatment
  - ( ) court appearances
  - ( ) attorney visits or court ordered obligations
  - ( ) religious services
  - ( ) employment
  - ( ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:
  - ( ) employment
  - ( ) education
  - ( ) religious services
  - ( ) medical, substance abuse, or mental health treatment
  - ( ) attorney visits
  - ( ) court appearances
  - ( ) court ordered obligations
  - ( ) reporting to Pretrial Services
  - ( ) other _____

__ q. Third-Party Custody: _____ will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

— r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: J. Mitchell Lowe
CASE NUMBER: 22-20521-CR-Scola/Goodman
PAGE FOUR

___ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

___ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:
   1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
   2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
   3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
   4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
   5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
   6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
   7. ( ) The defendant shall not be involved in any children's or youth organizations.
   8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
   9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

√ u. May travel to and from: (see below)_____, and must notify Pretrial Services of travel plans before leaving and upon return.

√ v. Comply with the following additional conditions of bond:
   see attached page (Page Five)

DEFENDANT: J. Mitchell Lowe
CASE NUMBER: 22-20521-CR-Scola/Goo
PAGE FIVE

v. Comply with the following additional conditions of bond:

- Defendant will reside with Mark and Lynne Lowe at 220 Hummingbird Ct., Healdsburg, California, 95448.
- Defendant may travel to the Southern District of Florida, Northern District of California, the Western District of Washington and the Southern District of New York.
- The defendant may travel elsewhere within the United States with advance notice and as authorized by Pretrial Services, but without further leave of Court.
- Defendant will be allowed periodic travel to Mexico with advance notice to the government and Pretrial Services, including a detailed itinerary. While in Mexico, defendant will surrender his passport to a third party as directed by the government or Pretrial Services.
- Defendant is prohibited from the offering or promotion of any securities, including equity, debt or hybrid securities, without the permission of the government or Pretrial Services.
- The defendant and individual co-signatories, Mark Lowe and Lynne Lowe, agree that the bond is secured by the real property owned by Mark and Lynne Lowe at 220 Hummingbird Ct. in Healdsburg, CA. They may not sell, pledge, mortgage, hypothecate, encumber, etc. this property until bond is discharged, or otherwise modified by the Court.

DEFENDANT: J. Mitchell Lowe
CASE NUMBER: 20-20521-CR-SCOLA/GOODMF
PAGE FIVE
SIX

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: J. Mitchell Lowe
CASE NUMBER: 20 – 20521-CR-SCOLA/GOODR
PAGE ~~SIX~~ SEVEN

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES  eight

I have carefully read and I understand this entire appearance bond consisting of ~~seven~~ eight pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this **18th** day of **November**, 20**22** at **Miami**, Florida
Signed and acknowledged before me:   DEFENDANT: (Signature)
WITNESS: _____   **Miami** City   **Florida** State
**Miami** City / **Florida** State

### CORPORATE SURETY

Signed this ____ day of _____, 20___ at _____, Florida
SURETY: _____   AGENT: (Signature) _____
                       PRINT NAME: _____
City / State

### INDIVIDUAL SURETIES

Signed this **18** day of **Nov.**, 20**22** at **Hldsburg, CA**
SURETY: (Signature) _____
PRINT NAME: **Mark Lowe**
RELATIONSHIP TO DEFENDANT: **Brother**
**Healdsburg** City / **CA** State

Signed this **18** day of **Nov.**, 20**22** at **Hldsburg, CA**
SURETY: (Signature) _____
PRINT NAME: **Lynne D Lowe**
RELATIONSHIP TO DEFENDANT: **Sister in Law**
**Healdsburg** City / **CA.** State

Signed this ___ day of _____, 20 __ at _____, Florida
SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____
City / State

Signed this ___ day of _____, 20 __ at _____, Florida
SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____
City / State

### APPROVAL BY THE COURT

Date: **Nov. 21, 2022**

UNITED STATES MAGISTRATE JUDGE
MELISSA DAMIAN



**CASHIER'S CHECK**

9600306431
25-3
440

Date 11/18/2022  Void after 7 years

Remitter: J M LOWE

Pay To The Order Of: U.S. COURTS

Pay: FIFTY THOUSAND DOLLARS AND 00 CENTS

$** 50,000.00 **

Drawer: JPMORGAN CHASE BANK, N.A.

*Rebecca Griffin*

Rebecca Griffin, Chief Administrative Officer
JPMorgan Chase Bank, N.A.
Columbus, OH

Memo: US vs J. MITCHELL LOWE
CASE NO: 22-20521-CR-SCOLA/
GOODMAN

Note: For information only. Comment has no effect on bank's payment.

⑴"9600306431"⑴ ⑴:044000037⑴: 758661326⑴"



# U.S. District Court

## Florida Southern - Miami

THIS IS A COPY

Receipt Date: Nov 21, 2022 2:47PM

J M LOWE
220 HUMMINGBIRD CT.
HEALDSBURG , CA 95448

Rcpt. No: 260681         Trans. Date: Nov 21, 2022 2:47PM         Cashier ID: #JC

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| 701 | Treasury Registry | DFLS122CR020521 /002<br>J. Mitchell Lowe | 1 | 50000.00 | 50000.00 |

| CD | Tender | | | Amt |
|---|---|---|---|---|
| CH | Check | #9600306431 | 11/18/2022 | $50,000.00 |

|  |  |
|---|---|
| Total Due Prior to Payment: | $50,000.00 |
| Total Tendered: | $50,000.00 |
| Total Cash Received: | $0.00 |
| Cash Change Amount: | $0.00 |

**Comments**: D-FLS-1:22-CR-020521-RNS-002 5% 1,000,000.00 BOND

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.